JUDGE COLEMAN
MAGISTRATE JUDGE KIM
19-CR-32
FILED SXB
1/17/2019
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

GREGORY A BROWER
United States Attorney
DREW SMITH
Assistant United States Attorney
333 Las Vegas Blvd. South, Suite 5000
Las Vegas, Nevada 89101
Phone: (702) 388-6336 / Fax: (702) 388-5087

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA
## -oOo-

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL INDICTMENT |
| PLAINTIFF, | |
| vs. | 2:09-CR- _161_ |
| | **VIOLATIONS:** |
| JOE RILEY, | |
| DEFENDANT. | 18 U.S.C. § § 922(g)(1) and 924(a)(2) - Felon in Possession of a Firearm |
| | 21 U.S.C. § 841(a)(1) - Possession With Intent to Distribute a Controlled Substance |

**THE GRAND JURY CHARGES THAT:**

### COUNT ONE
Felon in Possession of a Firearm

On or about April 10, 2008, in the State and Federal District of Nevada,

**JOE RILEY,**

defendant herein, having been convicted of a crime punishable by imprisonment for a term exceeding one year in the State of Florida, to wit: Robbery, in the 13th Circuit Court, in the State of Florida, Case No. 00-CF-000661; did knowingly possess a Bryco 9mm pistol, serial # 604410; said possession of the aforementioned firearm being in and affecting commerce. All in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

. . .

**COUNT TWO**
Possession with Intent to Distribute a Controlled Substance

On or about April 10, 2008, in the State and Federal District of Nevada,

**JOE RILEY,**

defendant herein, did knowingly possess a controlled substance, Cocaine, and did possess it with the intent to deliver it to another person, and at the time the defendant knew the controlled substance was a prohibited drug. All in violation of Title 21, United States Code, Sections 841(a)(1).

**COUNT THREE**
Possession with Intent to Distribute a Controlled Substance

On or about April 10, 2008, in the State and Federal District of Nevada,

**JOE RILEY,**

defendant herein, did knowingly possess a controlled substance, Heroin, and did possess it with the intent to deliver it to another person, and at the time the defendant knew the controlled substance was a prohibited drug. All in violation of Title 21, United States Code, Sections 841(a)(1).

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

2

**FORFEITURE ALLEGATION**

1. The allegation contained in this Indictment is hereby re-alleged and incorporated herein by reference for the purpose of alleging forfeiture pursuant to the provisions of Title 18, United States Code Section 924(d)(1) and Title 28, United States Code Section 2461(c).

2. Upon a conviction of the felony offense charged in this Indictment,

**JOE RILEY,**

the defendant herein, shall forfeit to the United States of America all firearms and ammunition involved in the commission of the violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2), including, but not limited to: a Bryco 9mm semi-automatic handgun, serial # 604410, and any and all ammunition.

All pursuant to Title 18, United States Code, Sections 922(g)(1), 924(a)(2), and 924(d); and Title 28, United States Code, Section 2461(c).

**DATED:** this 21 day of April 2009.

**A TRUE BILL:**

/S/
FOREPERSON OF THE GRAND JURY

GREGORY A. BROWER
United States Attorney

DREW SMITH
Assistant United States Attorney

3



FILED

NOV 1 0 2009

CLERK, U.S. DISTRICT COURT
DISTRICT OF NEVADA

BY _____ DEPUTY

1  DANIEL G. BOGDEN
   United States Attorney
2  DREW SMITH
   Assistant United States Attorney
3  333 Las Vegas Blvd. South, Suite 5000
   Las Vegas, Nevada 89101
4  Phone: (702) 388-6336 / Fax: (702) 388-5087

5

6  # UNITED STATES DISTRICT COURT
7  # DISTRICT OF NEVADA
8  ## -oOo-

9  UNITED STATES OF AMERICA,        )   CRIMINAL INDICTMENT
                                     )   SUPERSEDING
10          PLAINTIFF,               )
                                     )   2:09-cr-161-PMP-PAL
11          vs.                      )
                                     )   VIOLATIONS:
12  JOE RILEY,                       )   18 U.S.C. § § 922(g)(1) and 924(a)(2) -
                                     )   Felon in Possession of a Firearm
13  _____DEFENDANT._____   )   21 U.S.C. § 841(a)(1) - Possession  with
                                         Intent to Distribute a Controlled Substance

14

15

16  **THE GRAND JURY CHARGES THAT:**

17  <u>**COUNT ONE**</u>
    Felon in Possession of a Firearm

18

19          On or about April 10, 2008, in the State and Federal District of Nevada,

20                              **JOE RILEY,**

21  defendant herein, having been convicted of a crime punishable by imprisonment for a  term

22  exceeding one year in the State of Florida, to wit: Robbery, in Case No. 00-CF-000661;

23  Robbery, in Case No. 99-CF-013973; Possession of Cocaine, in Case No. 99-CF-022072;

24  and Grand Theft, in Case No. 00-CF-001367; all in the 13th Circuit Court, in the State of

25  Florida; did knowingly possess a Bryco 9mm pistol, serial # 604410; said possession of the

26

1 | aforementioned firearm being in and affecting commerce. All in violation of Title 18, United

2 | States Code, Sections 922(g)(1) and 924(a)(2).

3 | **COUNT TWO**
Possession with Intent to Distribute a Controlled Substance

4 |

5 | On or about April 10, 2008, in the State and Federal District of Nevada,

6 | **JOE RILEY,**

7 | defendant herein, did knowingly possess a controlled substance, five (5) or more grams of

8 | cocaine base, and did possess it with the intent to deliver it to another person, and at the

9 | time the defendant knew the controlled substance was a prohibited drug. All in violation of

10 | Title 21, United States Code, Sections 841(a)(1), and 841(b)(1)(B)(iii).

11 | **COUNT THREE**
Possession with Intent to Distribute a Controlled Substance

12 |

13 | On or about April 10, 2008, in the State and Federal District of

14 | Nevada,

15 | **JOE RILEY,**

16 | defendant herein, did knowingly possess a controlled substance, Heroin, and did possess

17 | it with the intent to deliver it to another person, and at the time the defendant knew the

18 | controlled substance was a prohibited drug. All in violation of Title 21, United States Code,

19 | Section 841(a)(1).

20 | . . .

21 | . . .

22 | . . .

23 | . . .

24 | . . .

25 | . . .

26 |

2

Case: 1:19-cr-00032 Document #: 2 Filed: 01/17/19 Page 6 of 22 PageID #:7

**FORFEITURE ALLEGATION ONE**

1. The allegations contained in this Indictment are hereby re-alleged and incorporated herein by reference for the purpose of alleging forfeiture pursuant to the provisions of Title 18, United States Code Section 924(d)(1) and Title 28, United States Code Section 2461(c).

2. Upon a conviction of the felony offense charged in Count One of this Indictment, **JOE RILEY**, the defendant herein, shall forfeit to the United States of America all firearms and ammunition involved in the commission of the violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2), including, but not limited to:

          a)     a Bryco 9mm semi-automatic handgun, serial # 604410, and any and all ammunition.

All pursuant to Title 18, United States Code, Sections 922(g)(1), 924(a)(2), and 924(d); and Title 28, United States Code, Section 2461(c).

**FORFEITURE ALLEGATION TWO**

1. The allegations contained in this Indictment are hereby re-alleged and incorporated herein by reference for the purpose of alleging forfeiture pursuant to the provisions of Title 21, United States Code, Section 881(a)(11); and Title 28, United States Code, Section 2461(c).

2. Upon a conviction of the felony offense charged Count Two or Count Three of this Criminal Indictment, **JOE RILEY**, defendant herein, shall forfeit to the United States of America all firearms and ammunition involved in or used in any knowing violation of Title 21, United States Code, Section 841(a)(1), including, but not limited to:

          a)     a Bryco 9mm semi-automatic handgun, serial # 604410, and any and all ammunition.

3

All pursuant to Title 21, United States Code, Sections 841(a)(1) and 881(a)(11); and Title 28, United States Code, Section 2461(c).

## FORFEITURE ALLEGATION THREE

1.      The allegations contained in this Indictment are hereby re-alleged and incorporated herein by reference for the purpose of alleging forfeiture pursuant to the provisions of Title 21, United States Code, Sections 853(a)(1) and (a)(2).

2.      Upon a conviction of the felony offense charged Count Two or Count Three of this Criminal Indictment, **JOE RILEY,** defendant herein, shall forfeit to the United States of America all property constituting, or derived from, any proceeds the person obtained, directly or indirectly as a result of violation of Title 21, United States Code, Section 841(a)(1), including, but not limited to:

    a) a Bryco 9mm semi-automatic handgun, serial # 604410, and any and all ammunition; and

    d) $817.00 in United States Currency

All pursuant to Title 21, United States Code, Sections 841(a)(1) and 853(a)(1).

**DATED:** this _10_ day of November 2009.

**A TRUE BILL:**


          /S/
        FOREPERSON OF THE GRAND JURY

DANIEL G. BOGDEN
United States Attorney



DREW SMITH
Assistant United States Attorney

4

AO 245B    (Rev. 09/08) Judgment in a Criminal Case
           Sheet 1

# UNITED STATES DISTRICT COURT

District of    Nevada

|  |  |
|---|---|
| UNITED STATES OF AMERICA | ) |
| **v.** | ) |
| JOE RILEY | ) |
|  | ) |

**JUDGMENT IN A CRIMINAL CASE**

Case Number:        2:09-CR-161-PMP-PAL

USM Number:      43947-048

Shari L. Kaufman, AFPD
Defendant's Attorney

## THE DEFENDANT:

**X** pleaded guilty to count(s)    ONE OF THE SUPERSEDING INDICTMENT

☐ pleaded nolo contendere to count(s)
   which was accepted by the court.

☐ was found guilty on count(s)
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC 922(g)(1) & 924(a)(2) | Felon in Possession of a Firearm | 4/10/2008 | 1 |

The defendant is sentenced as provided in pages 2 through _____6_____ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

**X** Count(s)    Two & Three & Original Indictment    ☐ is    **X** are   dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

9/10/2010
Date of Imposition of Judgment

Signature of Judge

PHILIP M. PRO, UNITED STATES DISTRICT JUDGE
Name and Title of Judge

September 10, 2010
Date

AO 245B    (Rev. 09/08) Judgment in Criminal Case
           Sheet 2 — Imprisonment

Judgment — Page ___2___ of ___6___

DEFENDANT:              JOE RILEY
CASE NUMBER:            2:09-CR-161-PMP-PAL

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

**ONE HUNDRED AND TWENTY (120) MONTHS, WITH CREDIT FOR TIME SERVED**

X   The court makes the following recommendations to the Bureau of Prisons:
    The defendant be incarcerated at FCI Oxford, Wisconsin, or any facility that offers culinary training.

X   The defendant is remanded to the custody of the United States Marshal.

☐   The defendant shall surrender to the United States Marshal for this district:

    ☐   at _____  ☐ a.m.  ☐ p.m.  on _____ .

    ☐   as notified by the United States Marshal.

☐   The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐   before 2 p.m. on _____ .

    ☐   as notified by the United States Marshal.

    ☐   as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

a _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B    (Rev. 09/08) Judgment in a Criminal Case
Sheet 3 — Supervised Release

DEFENDANT:       JOE RILEY
CASE NUMBER:     2:09-CR-161-PMP-PAL

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :

**THREE (3) YEARS**

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance.  The defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court,  not to exceed 104 tests annually.  Revocation is mandatory for refusal to comply.

☐    The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.  *(Check, if applicable.)*

X    The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.  *(Check, if applicable.)*

X    The defendant shall cooperate in the collection of DNA as directed by the probation officer.  *(Check, if applicable.)*

☐    The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq*.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense.  *(Check, if applicable.)*

☐    The defendant shall participate in an approved program for domestic violence.  *(Check, if applicable.)*

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1)    the defendant shall not leave the judicial district without the permission of the court or probation officer;

2)    the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3)    the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4)    the defendant shall support his or her dependents and meet other family responsibilities;

5)    the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6)    the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7)    the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8)    the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9)    the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10)    the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11)    the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12)    the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13)    as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B    (Rev. 09/08) Judgment in a Criminal Case
           Sheet 4C — Probation

Judgment—Page    4    of    6

DEFENDANT:        JOE RILEY
CASE NUMBER:      2:09-CR-161-PMP-PAL

## SPECIAL CONDITIONS OF SUPERVISION

1.  You shall not possess, have under your control, or have access to any firearm, explosive device, or other dangerous weapons, as defined by federal, state, or local law.

2.  You shall submit your person, property, residence, place of business and vehicle under your control to a search, conducted by the United States probation officer or any authorized person under the immediate and personal supervision of the probation officer, at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision; failure to submit to a search may be grounds for revocation; the defendant shall inform any other residents that the premises may be subject to a search pursuant to this condition.

3.  You shall participate in and successfully complete a substance abuse treatment and/or cognitive based life skills program, which will include drug/alcohol testing and/or outpatient counseling, as approved and directed by the probation office.  You shall refrain from the use and possession of beer, wine, liquor and other forms of intoxicants while participating in substance abuse treatment.  Further, you shall be required to contribute to the costs of services for such treatment, as approved and directed by the probation office based upon your ability to pay.

4.  You shall use your true name at all times and will be prohibited from the use of any aliases, false dates of birth, social security numbers, places of birth and any other pertinent demographic information.

5.  You shall report, in person, to the probation office in the district to which you are released within 72 hours of discharge from custody.

AO 245B   (Rev. 09/08) Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties

Judgment — Page ___5___ of ___6___

DEFENDANT:         JOE RILEY
CASE NUMBER:       2:09-CR-161-PMP-PAL

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 100.00 | $ 0 | $ 0 |

☐   The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐   The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

   If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below.  However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss\*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
|  |  |  |  |
| **TOTALS** | $ _____ | $ _____ |  |

☐   Restitution amount ordered pursuant to plea agreement  $ _____

☐   The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f).  All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐   The court determined that the defendant does not have the ability to pay interest and it is ordered that:

   ☐   the interest requirement is waived for the   ☐   fine   ☐   restitution.

   ☐   the interest requirement for the   ☐   fine   ☐   restitution is modified as follows:

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B    (Rev. 09/08) Judgment in a Criminal Case
Sheet 6 — Schedule of Payments

Judgment — Page ____6____ of ____6____

DEFENDANT:        JOE RILEY
CASE NUMBER:      2:10-CR-161-PMP-PAL

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A**   X   Lump sum payment of $ ___100.00___ due immediately, balance due

     ☐   not later than _____ , or
     ☐   in accordance   ☐ C,   ☐ D,   ☐ E, or   ☐ F below; or

**B**   ☐   Payment to begin immediately (may be combined with   ☐ C,   ☐ D, or   ☐ F below); or

**C**   ☐   Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years),* to commence _____ *(e.g., 30 or 60 days)* after the date of this judgment; or

**D**   ☐   Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years),* to commence _____ *(e.g., 30 or 60 days)* after release from imprisonment to a term of supervision; or

**E**   ☐   Payment during the term of supervised release will commence within _____ *(e.g., 30 or 60 days)* after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F**   ☐   Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐   Joint and Several

Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐   The defendant shall pay the cost of prosecution.

☐   The defendant shall pay the following court cost(s):

☐   The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

AO 245C   (Rev. 12/03) Amended Judgment in a Criminal Case       (NOTE: Identify Changes with Asterisks (*))
Sheet 1

# UNITED STATES DISTRICT COURT

District of _____Nevada_____

| UNITED STATES OF AMERICA | AMENDED JUDGMENT IN A CRIMINAL CASE |
|---|---|

**V.**

JOE RILEY

| | |
|---|---|
| Case Number: | 2:09-CR-161-PMP-PAL |
| USM Number: | 43947-048 |

**Date of Original Judgment:**   9/10/2010

Shari L. Kaufman, AFPD

**(Or Date of Last Amended Judgment)**
Defendant's Attorney

**Reason for Amendment:**

☐ Correction of Sentence on Remand (18 U.S.C. 3742(f)(1) and (2))

☐ Reduction of Sentence for Changed Circumstances (Fed. R. Crim. P. 35(b))

☐ Correction of Sentence by Sentencing Court (Fed. R. Crim. P. 35(a))

X Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36)

☐ Modification of Supervision Conditions (18 U.S.C. §§ 3563(c) or 3583(e))

☐ Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1))

☐ Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))

☐ Direct Motion to District Court Pursuant   ☐ 28 U.S.C. § 2255 or
   ☐ 18 U.S.C. § 3559(c)(7)

☐ Modification of Restitution Order (18 U.S.C. § 3664)

**THE DEFENDANT:**

X pleaded guilty to count(s)   ONE OF THE SUPERSEDING INDICTMENT

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☐ was found guilty on count(s) _____
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC 922(g)(1) & 924(a)(2) | Felon in Possession of a Firearm | 4/10/2008 | 1 |

The defendant is sentenced as provided in pages 2   through  6   of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

X Count(s)  Two & Three & Original Indictment   ☐ is   X are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

10/5/2010
Date of Imposition of Judgment

_Signature_

Signature of Judge

PHILIP M. PRO, UNITED STATES DISTRICT JUDGE
Name and Title of Judge

October 5, 2010
Date

AO 245C    (Rev. <u>09/11 Amended Judgment in a Criminal Case</u>
Sheet 2 — Imprisonment                                                    (NOTE: Identify Changes with Asterisks (*))

DEFENDANT:          JOE RILEY
CASE NUMBER:        2:09-CR-161-PMP-PAL

# IMPRISONMENT

    The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a
total term
### ONE HUNDRED AND TWENTY (120) MONTHS, WITH CREDIT FOR TIME SERVED

X    The court makes the following recommendations to the Bureau of Prisons:
    The defendant be incarcerated at FCI Oxford, Wisconsin, or any facility that offers culinary training.

X    The defendant is remanded to the custody of the United States Marshal.

☐    The defendant shall surrender to the United States Marshal for this district:

       ☐  at  _____ ☐ a.m. ☐ p.m.   on  _____ .

       ☐  as notified by the United States Marshal.

☐    The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

       ☐  before 2 p.m. on  _____ .

       ☐  as notified by the United States Marshal.

       ☐  as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

_____

_____

_____

    Defendant delivered on _____ to _____

a _____ with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

| AO 245C | (Rev. 12/03) Amended Judgment in a Criminal Case |
|---|---|
| | Sheet 3 — Supervised Release |

(NOTE: Identify Changes with Asterisks (*))

Judgment—Page    3    of    6

DEFENDANT:      JOE RILEY
CASE NUMBER:    2:09-CR-161-PMP-PAL

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of
        **THREE (3) YEARS**

        The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance. The Defendant shall refrain from any unlawful use of a controlled substance and shall submit to one drug test within 15 days of the commencement of supervision and at least two periodic drug tests thereafter, not to exceed 104 drug tests annually. Revocation is mandatory for refusal to comply.

☐    The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

X    The defendant shall not possess a firearm, destructive device, or any other dangerous weapon. (Check, if applicable.)

X    The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐    The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐    The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

        If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

        The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1)    the defendant shall not leave the judicial district without the permission of the court or probation officer;

2)    the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3)    the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4)    the defendant shall support his or her dependents and meet other family responsibilities;

5)    the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6)    the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7)    the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8)    the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9)    the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10)    the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11)    the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12)    the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13)    as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record, personal history, or characteristics and shall permit the probation officer to make such notifications and confirm the defendant's compliance with such notification requirement.

Judgment—Page 4 of 6

DEFENDANT:        JOE RILEY
CASE NUMBER:      2:09-CR-161-PMP-PAL

## SPECIAL CONDITIONS OF SUPERVISION

1.  You shall not possess, have under your control, or have access to any firearm, explosive device, or other dangerous weapons, as defined by federal, state, or local law.

2.  You shall submit your person, property, residence, place of business and vehicle under your control to a search, conducted by the United States probation officer or any authorized person under the immediate and personal supervision of the probation officer, at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision; failure to submit to a search may be grounds for revocation; the defendant shall inform any other residents that the premises may be subject to a search pursuant to this condition.

3.  You shall participate in and successfully complete a substance abuse treatment and/or cognitive based life skills program, which will include drug/alcohol testing and/or outpatient counseling, as approved and directed by the probation office.  You shall refrain from the use and possession of beer, wine, liquor and other forms of intoxicants while participating in substance abuse treatment.  Further, you shall be required to contribute to the costs of services for such treatment, as approved and directed by the probation office based upon your ability to pay.

4.  You shall use your true name at all times and will be prohibited from the use of any aliases, false dates of birth, social security numbers, places of birth and any other pertinent demographic information.

5.  You shall report, in person, to the probation office in the district to which you are released within 72 hours of discharge from custody.

AO 245C    (Rev. 12/03) Amended Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties

(NOTE: Identify Changes with Asterisks (*))

Judgment — Page ___5___ of ___6___

DEFENDANT:          JOE RILEY
CASE NUMBER:        2:09-CR-161-PMP-PAL

# CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $  100.00 | $  0 | $  0 |

☐  The determination of restitution is deferred until _____.  An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐  The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below.  However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss\*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
|  |  |  |  |

| **TOTALS** | $ _____ | $ _____ |
|---|---|---|

☐  Restitution amount ordered pursuant to plea agreement  $ _____

☐  The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f).  All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐  The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

☐  the interest requirement is waived for    ☐  fine    ☐  restitution.

☐  the interest requirement for the    ☐  fine    ☐  restitution is modified as follows:

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245C   (Rev. 12/03) Amended Judgment in a Criminal Case
Sheet 6 — Schedule of Payments

(NOTE: Identify Changes with Asterisks (*))

Judgment — Page ___6___ of ___6___

DEFENDANT:       JOE RILEY
CASE NUMBER:     2:09-CR-161-PMP-PAL

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A   X   Lump sum payment of $ ___100.00___ due immediately, balance due

☐ not later than _____ , or
☐ in accordance with   ☐ C,   ☐ D,   ☐ E, or   ☐ F below; or

B   ☐   Payment to begin immediately (may be combined with   ☐ C,   ☐ D, or   ☐ F below); or

C   ☐   Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D   ☐   Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E   ☐   Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment.  The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F   ☐   Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

FILED

SEP 16 2010

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

6  **UNITED STATES DISTRICT COURT**

7  **DISTRICT OF NEVADA**

8  UNITED STATES OF AMERICA,⠀⠀⠀⠀)

9  ⠀⠀⠀⠀⠀⠀⠀⠀Plaintiff,⠀⠀⠀⠀⠀⠀)

10  ⠀⠀⠀⠀⠀⠀v.⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)⠀⠀⠀⠀2:09-CR-161-PMP (PAL)

11  JOE RILEY,⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)

12  ⠀⠀⠀⠀⠀⠀⠀⠀Defendant.⠀⠀⠀⠀)

13  **FINAL ORDER OF FORFEITURE**

14  ⠀⠀⠀⠀On May 10, 2010, the United States District Court for the District of Nevada entered a

15  Preliminary Order of Forfeiture pursuant to Fed. R. Crim. P. 32.2(b)(1) and (2); Title 18, Untied States

16  Code, Section 924(d)(1) and Title 28, Untied States Code, Section 2461(c); Title 21, United States

17  Code, Section 881(a)(11) and Title 28, United States Code, Section 2461(c); and Title 21, United

18  States Code, Section 853(a)(1) and (a)(2), based upon the plea of guilty by defendant JOE RILEY to

19  a criminal offense, forfeiting specific property alleged in the Superseding Indictment and shown by

20  the United States to have a requisite nexus to the offense to which defendant JOE RILEY pled guilty.

21  ⠀⠀⠀⠀This Court finds the United States of America published the notice of the forfeiture in

22  accordance with the law on June 11, 2010, June 18, 2010, and June 25, 2010, in the Las Vegas

23  Review-Journal/Sun, and via the official government internet forfeiture site, www.forfeiture.gov,

24  consecutively from May 17, 2010 through June 15, 2010, notifying all known third parties of their

25  right to petition the Court.

26  . . .

Case 1:09-cr-00032-DWM Document #: 3 Filed: 01/17/19 Page 21 of 22 PageID #: 22

This Court finds no petition was filed herein by or on behalf of any person or entity and the time for filing such petitions and claims has expired.

This Court finds no petitions are pending with regard to the assets named herein and the time for presenting such petitions has expired.

THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that all right, title, and interest in the property hereinafter described is condemned, forfeited, and vested in the United States of America pursuant to Fed. R. Crim. P. 32.2(b)(4)(A) and (B); Fed. R. Crim. P. 32.2(c)(2); Title 18, Untied States Code, Section 924(d)(1) and Title 28, Untied States Code, Section 2461(c); Title 21, United States Code, Section 881(a)(11) and Title 28, United States Code, Section 2461(c); and Title 21, United States Code, Section 853(a)(1) and (a)(2); and Title 21, United States Code, Section 853(n)(7) and shall be disposed of according to law:

      a.    one (1) Bryco 9mm semi-automatic handgon, serial # 604410, and any and all ammunition; and

      b.    $817.00 in United States Currency.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that any and all forfeited funds, including but not limited to, currency, currency equivalents, certificates of deposit, as well as any income derived as a result of the United States of America's management of any property forfeited herein, and the proceeds from the sale of any forfeited property shall be disposed of according to law.

The Clerk is hereby directed to send copies of this Order to all counsel of record and three certified copies to the United States Attorney's Office.

DATED this ___10th___ day of ___Sept___ 2010.

_____
UNITED STATES DISTRICT JUDGE